IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| EDWARD ROBINSON,              ) | CIVIL NO. 12-00379 LEK-RLP |
|                               ) | |
|     Plaintiff,             ) | FINDINGS AND RECOMMENDATION TO |
|                               ) | GRANT IN PART AND DENY IN PART |
|   vs.                          ) | DEFENDANT'S MOTION TO ENFORCE |
|                               ) | SETTLEMENT AGREEMENT |
|                               ) | |
| HYATT CORPORATION, GRAND HYATT ) | |
| KAUAI RESORT & SPA, ET AL.,   ) | |
|                               ) | |
|     Defendants.            ) | |
| _____ ) | |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART
DEFENDANT'S MOTION TO ENFORCE SETTLEMENT AGREEMENT[1]

Before the Court is Defendant Hyatt Corporation d/b/a Grand Hyatt Kauai Resort & Spa's ("Defendant") Motion to Enforce Settlement Agreement, filed on July 10, 2013 ("Motion").  See ECF No. 32.  On July 22, 2013, Plaintiff Edward Robinson ("Plaintiff") filed his memorandum in opposition to the Motion, and on July 29, 2013, Defendant filed its reply.  See ECF Nos. 34, 35.  This matter came on for hearing before the Court on August 12, 2013, at 9:45 a.m.  Carolyn K. Wong, Esq. appeared on behalf of Defendant, and Michael P. Healy, Esq. appeared on

---

[1] Within fourteen (14) days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation.  If no objections are filed, no appellate review will be allowed.

behalf of Plaintiff.  Based on the following, and after careful consideration of the Motion, the supporting and opposing memoranda, declarations and exhibits attached thereto, the oral arguments of counsel, and the record established in this action, the Court HEREBY FINDS AND RECOMMENDS that Defendant's Motion be GRANTED IN PART AND DENIED IN PART.

BACKGROUND

This action arises out of Plaintiff's alleged wrongful termination from Defendant's hotel, where Plaintiff worked as a security officer.  Plaintiff alleges that he was terminated due to his race (African-American) and his age (65 years at the time of his termination).  Defendant alleges that Plaintiff was terminated after he was caught sleeping on the job, in violation of Defendant's policy contained in its employee handbook.

On March 20, 2013, the parties attended an early settlement conference with the undersigned.  Following a two-and-a-half-hour conference, the parties reached a verbal confidential settlement and agreed to file dismissal documents within 30 days.  See ECF No. 29; Wong Decl. ¶ 2.  Plaintiff's counsel was present at the settlement conference, see ECF No. 29, and Defendant's counsel's understanding is that Plaintiff participated by telephone in the conference and verbally approved of the terms of the settlement.  Wong Decl. ¶ 2.

On March 28, 2013, Defendant's counsel emailed Plaintiff's counsel a draft of the confidential settlement

agreement and related forms, consistent with the parties' verbal agreement at the settlement conference.  Wong Decl. ¶ 4.  To date, Plaintiff's counsel has not communicated to any objections to the language of the settlement agreement to Defendant's counsel.  Id.  Nevertheless, Plaintiff has not completed and returned the executed settlement agreement.  Id.  The deadline to file dismissal documents was extended twice to May 24, 2013 and then June 14, 2013.  See ECF Nos. 30, 31.

On July 10, 2013, Defendant filed the instant Motion. See ECF No. 32.  Plaintiff's opposition consists of the following argument:

> In response to a request to execute the settlement documents, on June 6, 2013, Plaintiff sent [his counsel] an Affidavit of Forgery related to a November 28, 2011, [sic] document in possession of Defendant Hyatt Corporation (Exhibit 1 attached).
>
> The document and Plaintiff's position related to its execution were discussed at the settlement conference.  Per Mr. Robinson he has not executed settlement documents due to the November 28, 2011, [sic] forged document and Plaintiff's position that he did not execute the November 28, 2011, [sic] forged document.

Pl.'s Mem. Opp. Mot. 2.

Exhibit 1 to Plaintiff's opposition is a document entitled "Affidavit of Forgery," executed by Plaintiff on June 6, 2013.  See Brower Decl. Ex. 1.  In this document, Plaintiff states that "a document dated November 28, 2011 in favor of [Defendant] was revealed to me in a deposition hearing on

February 14, 2013 . . . was not endorsed or signed by me, and that this signature of my name on said document is a forgery." Id.

According to Defendant, the November 28, 2011 document Plaintiff is referring to is a document entitled "Employee Discussion Form" (hereinafter referred to as "EDF"), which states that the reason for the discussion was that Plaintiff "was observed sleeping while on shift." Wong Decl. Ex. 4 to Ex. A. Under the category entitled "Specific Action," the word "termination" is written. Id. The form appears to be signed by Plaintiff as "Employee," and by two of Defendant's other employees, as "Manager" and "Human Resources." Id. The bottom of the EDF states, "Employee's signature on this document only indicates receipt of this form." Id.

## LEGAL STANDARD

It is well settled that a district court has the equitable power to summarily enforce an agreement to settle a case pending before it. In re City Equities Anaheim, Ltd., 22 F.3d 954, 957 (9th Cir. 1994); Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987). An oral settlement agreement is binding on the parties. Doi v. Halekulani Corp., 276 F.3d 1131, 1138 (9th Cir. 2002).

Federal courts apply state contract law principles to the construction and enforcement of settlement agreements, even if the underlying cause of action is federal. O'Neil v. Bunge
4

Corp., 365 F.3d 820, 822 (9th Cir. 2004); United Commercial Ins. Serv., Inc. v. Paymaster Corp., 962 F.2d 853, 856 (9th Cir. 1992).  Under Hawaii law, "[w]here the evidence in the record shows that all the essential elements of a contract are present, a compromise agreement among the parties in litigation may be approved by the court and cannot be set aside except on grounds that would justify rescission."  Miller v. Manuel, 9 Haw. App. 56, 64, 828 P.2d 286, 292 (1991).  "Generally, in the absence of bad faith or fraud, when parties enter into an agreement settling and adjusting a dispute, neither party is permitted to repudiate it."  Id.  See also Amantiad v. Odum, 90 Hawai'i 152, 161, 977 P.2d 160, 169 (1999) (acknowledging the "well-settled rule that the law favors the resolution of controversies through compromise or settlement rather than by litigation").

     A motion to enforce a disputed settlement agreement is treated as a motion for summary judgment.  See Gilmartin v. Abastillas, 10 Haw. App. 283, 296, 869 P.2d 1346, 1352 (1994).  Under this standard, the court must determine whether the evidence presented to it indicates that there was no genuine issue of material fact and that the parties had entered into a valid compromise agreement as a matter of law.  Miller, 9 Haw. App. at 64, 828 P.2d at 292.  In ruling on a motion for summary judgment, the alleged facts and inferences logically drawn therefrom must be viewed in the light most favorable to the non-moving party.  Id. at 9 Haw. App. 65, 828 P.2d 292.  The moving

party has the obligation to show through affidavit, deposition, or other evidentiary materials that there is no genuine issue of material fact.  Id.  Once the movant has satisfied this initial burden, the non-moving party must come forward with specific facts showing that there is a genuine issue of material fact.  Id.

## ANALYSIS

**A.    The Settlement Agreement Should Be Enforced**

As an initial matter, the Court notes that Plaintiff has not disputed the fact that the parties entered into a verbal settlement agreement at the early settlement conference.  Nor has Plaintiff asserted any bad faith or fraud with respect to the agreement.  Instead, Plaintiff apparently claims that the settlement agreement should not be enforced merely because the EDF was allegedly forged.

Whether or not the EDF was forged, however, is immaterial to whether the settlement agreement should be enforced.  From the face of Plaintiff's Affidavit, it is clear that Plaintiff had knowledge of the EDF and its alleged lack of authenticity from February 14, 2013 -- more than one month *before* the settlement conference occurred on March 20, 2013.  See Brower Decl. Ex. 1; Pl.'s Dep., Wong Decl. Ex. A, at 95:16-98:12.  Despite this knowledge, Plaintiff still agreed to settle the case at the conference.  Moreover, Plaintiff fails to explain why the

alleged forgery has any bearing whatsoever on why the settlement agreement should not be enforced.  The EDF expressly states that Plaintiff's signature "only indicates receipt of this form."  Thus, even if the EDF was forged, Plaintiff's signature is not an admission of fault or that Defendant had a legitimate, nondiscriminatory reason for terminating him.  For these reasons, the Court finds that the verbal settlement agreement reached by the parties at the early settlement conference should be enforced.

**B.    Defendant is Not Entitled to its Attorneys' Fees and Costs**

Defendant requests its attorneys' fees and costs incurred in filing the instant Motion because "Plaintiff acted unreasonably by refusing to sign the written settlement agreement when he had already agreed verbally to such a settlement."  Def.'s Mem. Supp. Mot. 5.  Under Hawaii law, "[o]rdinarily, attorneys' fees cannot be awarded as damages or costs unless so provided by statute, stipulation, or agreement."  Constantino v. U.S. Bank, N.A., Civ. No. 09-00066 DAE-RLP, 2012 WL 628626, at *5 (D. Haw. Feb. 24, 2012) (quoting Stanford Carr Dev. Corp. v. Unity House, Inc., 111 Hawai'i 286, 305, 141 P.3d 459, 478 (2006)).  Since Defendant fails to provide any statutory authority or provision in the parties' settlement agreement to support its entitlement to fees for enforcing the settlement

agreement, the Court concludes that such fees should not be awarded.

## CONCLUSION

In accordance with the foregoing, the Court HEREBY FINDS AND RECOMMENDS that Defendant Hyatt Corporation d/b/a Grand Hyatt Kauai Resort & Spa's Motion to Enforce Settlement Agreement, filed on July 10, 2013, be GRANTED IN PART AND DENIED IN PART as follows:

(1) The verbal settlement agreement reached by the parties at the March 20, 2013 early settlement conference with the undersigned should be ENFORCED.

(2) Plaintiff should be ORDERED to execute a written confidential settlement agreement, consistent with the verbal agreement, by no later than 14 days after this Findings and Recommendations is acted upon.

(3) Defendant's request for its attorneys' fees and costs incurred in bringing the instant Motion should be DENIED.

///
///
///
///
///
///
///

IT IS SO FOUND AND RECOMMENDED.

DATED: HONOLULU, HAWAII, AUGUST 12, 2013.



_____
Richard L. Puglisi
United States Magistrate Judge

ROBINSON V. HYATT CORP., GRAND HYATT KAUAI RESORT & SPA, ET AL.; CIVIL NO. 12-00379 LEK-RLP; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT'S MOTION TO ENFORCE SETTLEMENT AGREEMENT